Antonio Colón, Appellant, *v.* The Registrar of Property of Ponce, Respondent.

No. G–62–15. Decided March 29, 1963.

854

*Alvaro Ortiz* for appellant.   The registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Respondent Registrar maintains that Act No. 62 of 1937 —4 L.P.R.A. §§ 921–27— requires that the powers of attorney executed prior to its effectiveness be registered in the Register of Powers of Attorney established by that Act, in order that they may be considered for the purpose of accrediting the powers of the attorney-in-fact in the execution of acts or contracts subsequent to that effectiveness. Is the Registrar's contention correct?

Before considering the question raised, we will dispose of the Registrar's objection to our jurisdiction.  He invokes the rulings in *Noriega* v. *Registrar of Property*, 15 P.R.R. 657 (1909), and *Barreras* v. *Registrar of Property*, 15 P.R.R. 542 (1909), according to which no appeal may be taken from a second note denying record when the first one has been consented to.   However, that is not the situation in this appeal.   On December 18, 1961 the Registrar denied record, notice of which was given the following day, of a deed of sale on the ground that the power of attorney

executed on May 5, 1924 under which the vendor acted was not registered in the Register of Powers of Attorney. Within the period of effectiveness of the cautionary notice, on the following February 2 there was presented to the Registrar, for the purpose of curing the defect noted, a certificate from the Secretary of the Supreme Court to the effect that it did not appear from the Register of Powers of Attorney that the power of attorney which had been accompanied as complementary had been revoked or modified. The Registrar again denied record and an appeal was taken from this second denial. It is not, therefore, the case that respondent's original action was consented to.

The Act provides in § 3 —4 L.P.R.A. § 922 (Supp. 1962) —that "it shall be the duty of every notary before whom a deed to constitute, modify, extend, substitute, renounce, revoke, or renew a power of attorney is executed, to send to the Secretary of the Supreme Court of Puerto Rico, within the 72 [1] hours following the execution thereof, a notice certified under his seal, setting forth therein the name or names of the grantor or grantors and of the witnesses, and the date, number, and nature of the deed, specifying the person to whom the power of attorney is granted, extended, modified, or revoked; in case of substitution of the power of attorney, the name of the person substituted and of the attorney-in-fact shall be stated in said notice, and in cases of renunciation of the power of attorney, the name of the constituent thereof shall be given; Provided, That it shall be the duty of the Secretary of the Supreme Court to acknowledge to the notaries the receipt of the said notice and to proceed immediately after the receipt thereof to make the corresponding entry in the register prescribed in section 5 of this Act."

The Act made no express provision as to the powers of attorney executed or protocolized prior to its effectiveness.

---

[1] The Act, as originally enacted, provided a period of 48 hours.

The Act specifically provides that notice shall be sent to the Supreme Court within a stipulated period. When are the notaries who executed the deeds of powers of attorney prior to 1937 required to give notice? Immediately after the Act took effect? What responsibility could be exacted of those who failed to do so if there is no express provision? It would have been easy for the lawmaker to provide that it was necessary to register the powers of attorney executed prior to the effectiveness of the Act within a period of grace. In this case appellant did more than what he was required to do. He presented, as stated above, a negative certificate.

The Registrar invokes the case of *Rosario* v. *Registrar*, 59 P.R.R. 430 (1941). In that case we held that the powers of attorney executed outside of Puerto Rico before the effectiveness of the Act of 1937 had to be protocolized. The situation presented in this case is different from that which we considered in that case. As stated in *Rosario*, "what the act provides is that from and after its approval, no instrument of this character shall be effective in Puerto Rico unless it is first protocolized and recorded in the Register of Powers of Attorney."

█ The Act did not distinguish between powers of attorney executed prior to its effectiveness and those subsequent thereto. From and after the effectiveness of the Act, every power of attorney executed outside of Puerto Rico which is not protocolized must be protocolized and registered in the Register of Powers of Attorney in order that it may be considered for the purpose of accrediting the powers of the attorney-in-fact.

█ It is clear that powers of attorney executed in Puerto Rico prior to August 6, 1937, when the Act took effect, need not be notified to the Secretary of the Supreme Court to be recorded in the Register of Powers of Attorney.

The decision appealed from will be reversed and it is ordered that the deed presented be recorded.